UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:00CR66 RWS |
| WALTER KEVIN BURNEY, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Walter Burney's Motion for Post-Trial Relief, to Modify Sentencing Order and to Provide an Updated (Revised) Pre-Sentence Investigation Report [#42]. Burney claims that his sentence must be reduced because it violates the rule announced by the United States Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005). For the reasons stated below, I will deny the motion.

**HISTORY**

On January 2, 2001, Burney entered into a plea agreement with the Government and pled guilty to Counts I and III of the Indictment. Under the terms of the plea agreement, Burney agreed to be sentenced pursuant to U.S.S.G. § 2D1.1. Burney agreed that his base level should be twenty-six, that a two-level enhancement should be added for possession of a dangerous weapon, and a two-level decrease should be subtracted for acceptance of responsibility. Pursuant to the terms of the agreement, Burney agreed to a ninety-six month term of imprisonment on each of Counts I and III, to be served concurrently.

On April 2, 2001, I sentenced Burney to ninety-six months' imprisonment and four years of supervised release. Burney did not appeal the sentence. Burney did not file a motion to reduce

the sentence pursuant to 28 U.S.C. § 2255. Burney filed the motion presently under review on March 10, 2005.

**BURNEY'S MOTION FOR POST-TRIAL RELIEF**

In his motion for post-trial relief, Burney now claims that his sentence must be reduced because his sentence was enhanced based on facts which were not found by a jury. Specifically, Burney claims that the two-level enhancement for possession of a deadly weapon was imposed in violation of his Sixth Amendment rights set forth in Booker.

Burney's motion will be denied because I do not have the authority to reduce his sentence. Even if I were to have the authority to reduce his sentence, the motion would be denied because Booker does not apply to criminal cases that became final prior to the date Booker was issued. Finally, even if Booker applied to this case, the motion would be denied because Burney admitted to the facts which gave rise to his sentence; as a result, I did not engage in any judicial fact-finding.

**ANALYSIS**

*The Court Does Not Have the Authority to Reduce Burney's Sentence*

> The court may not modify a term of imprisonment once it has been imposed except that--
> \* \* \*
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

The Sentencing Commission has not lowered the sentencing range for the Guideline

applicable to Burney. As a result, Burney does not qualify for relief pursuant to 18 U.S.C. § 3582(c).

Nor would Burney qualify for relief under 28 U.S.C. § 2255 if he were to have filed the present motion under that statute. Under § 2255, the movant must file for relief within one year of the date the judgment became final. Burney's judgment became final on April 2, 2001. As a result, Burney is time-barred from receiving relief under § 2255.

*Booker Does Not Apply to Cases that Became Final Prior to the Date it Was Issued*

Even if I had authority to reduce Burney's sentence, he would not qualify for relief under Booker because "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). The Booker opinion was issued nearly three years after Burney's sentence became final.

*Even if Booker Applied, Burney Admitted to the Facts Which Gave Rise to his Sentence, So I did not Engage in any Impermissible Judicial Fact-Finding*

In Booker, Justice Stevens stated, "it is axiomatic that a defendant may waive his Sixth Amendment right to trial by jury. In Blakely we explained that '[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.'" 125 S. Ct. at 774.

In the present case, Burney stipulated to the relevant facts in the plea agreement. No judicial fact-finding occurred, and Booker is not implicated. As a result, Burney's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Burney's Motion for Post-Trial Relief, to Modify Sentencing Order and to Provide an Updated (Revised) Pre-Sentence Investigation Report [#42] is **DENIED** with prejudice.

Dated this 13th Day of September, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE